IN THE MIDDLE DISTRICT OF FLORIDA
UNITED STATES DISTRICT COURT
TAMPA DIVISION

**RAVINDRA GOBIN,**

    **Plaintiff,**

vs.                                                                      CASE NO.:

**R.J. KIELTY PLUMBING HEATING
& COOLING, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, RAVINDRA GOBIN ("Gobin" or "Plaintiff"), by and through his undersigned counsel, hereby sues the Defendant, R.J. KIELTY PLUMBING HEATING & COOLING, INC. ("R.J. Kielty" or "Defendant"), a Florida corporation and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, RAVINDRA GOBIN, is a resident of Pinellas County, Florida.

4. Defendant, R.J. KIELTY PLUMBING HEATING & COOLING, INC., is a Florida corporation, licensed and authorized to conduct business in the State of Florida and doing business within this Judicial District.

5. Defendant, R.J. KIELTY PLUMBING HEATING & COOLING, INC., is an employer as defined by the laws under which this action is brought and employs the required number of employees.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On October 12, 2021, Plaintiff, Ravindra Gobin, filed a timely Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR").

8. 180 days have passed since the filing of the Charge of Discrimination.

9. A Right to Sue was issued on January 11, 2022.

## FACTUAL ALLEGATIONS

10. Plaintiff began his employment with the Respondent on or around October 14, 2020 as an HVAC Technician.

11. Plaintiff is a Guyanese male, born in Guyana.

12. On July 30, 2021, a senior technician, Mr. Brett Jeminez (a white-male) insisted Plaintiff accept his odd offer of used clothing. When Plaintiff refused, Mr. Jimenez asked Plaintiff, "Why you gotta be a pissy bitch?"

13. Plaintiff did not respond and Mr. Jeminez said, "You're lucky your father is here or I would fuck you up." Plaintiff's father also works for respondent.

14. As Plaintiff began to walk away, Mr. Jeminez began yelling racial remarks and threatening him.

15. Plaintiff complained about Mr. Jimenez's racial slurs and threats to his manager, Mr. Tom Harper, and was allowed to leave early for the day.

16. On August 2, 2021, when Plaintiff arrived at work, Mr. Jeminez began making remarks about how Plaintiff reported his July 30, 2021 conduct to Mr. Harper.

17. Shortly afterwards, Plaintiff received a text message from Mr. Jeminez calling him a "sand nigger" and challenging Plaintiff to a fight.

18. Plaintiff is 5'2" and 120 lbs. Mr. Jeminez is approximately 6' and 200 lbs.

19. Plaintiff informed Mr. Harper and showed him Mr. Jimenez's threatening text message calling him a "sand nigger." Mr. Harper told Plaintiff

that he would handle the situation. Plaintiff returned to work and completed his shift.

20. The very next morning, on August 3, 3021, instead of handling the situation, Mr. Harper called Plaintiff into the office and accused him of starting the confrontation with Mr. Jeminez, which is patently false, even though he never asked Plaintiff for his version of events and Mr. Jeminez has a history of threatening other employees and according to him, "putting employees in the hospital."

21. Mr. Harper then terminated Plaintiff allegedly because "someone" complained about him.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION

22. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 21.

23. Plaintiff is a Guyanese male, born in Guyana

24. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of 42 U.S.C. § 1981, for which Defendant is liable.

25. Defendant knew, or should have known of the discrimination.

26. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

      a.      Back pay and benefits;

      b.      Interest on back pay and benefits;

      c.      Front pay and benefits;

      d.      Compensatory damages for emotion pain and suffering;

      e.      Punitive damages;

      f.      For costs and attorney's fees;

      g.      Injunctive relief;

      h.      For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, RAVINDRA GOBIN, demands a trial by jury and judgment against Defendant, R.J. KIELTY PLUMBING HEATING & COOLING, INC., for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT II
## 42 U.S.C. § 1981 - RETALIATION

27. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 21.

28. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII and/or participating in an investigation.

29. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq.* and Section 1981.

30. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages, including those for emotional pain and suffering;

    f. Punitive damages;

    g. Injunctive relief;

    h. Attorney's fees and costs; and

    i. All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, RAVINDRA GOBIN, demands a trial by jury and judgment against Defendant, R.J. KIELTY PLUMBING HEATING & COOLING, INC., for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

### COUNT III
### TITLE VII - RACE DISCRIMINATION

31. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 21.

32. Plaintiff is a member of a protected class under Title VII.

33. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of Title VII of the Civil Rights Act.

34. Defendant knew, or should have known of the discrimination.

35. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotion pain and suffering;

 e. Punitive damages;

 f. For costs and attorney's fees;

 g. Injunctive relief;

 h. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, RAVINDRA GOBIN, demands a trial by jury and judgment against Defendant, R.J. KIELTY PLUMBING HEATING & COOLING, INC., for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT IV
## TITLE VII - RETALIATION

36. Plaintiff realleges and adopts, as if fully set forth herein, the

allegations stated in paragraphs 1 through 21.

37. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII and/or participating in an investigation.

38. The above-described acts of retaliation constitute a violation of Title VII, 42 U.S.C. § 2000, *et seq.*

39. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages, including those for emotional pain and suffering;

    f. Punitive damages;

    g. Injunctive relief;

    h. Attorney's fees and costs; and

    i. All such other relief/damages to which Plaintiff is entitled.

**WHEREFORE,** Plaintiff, RAVINDRA GOBIN, demands a trial by jury and judgment against Defendant, R.J. KIELTY PLUMBING HEATING & COOLING,

INC. for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT V
## FCRA- RACE DISCRIMINATION

40. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 21.

41. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

42. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of the Florida Civil Rights Act.

43. Defendant knew, or should have known of the discrimination.

44. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. For costs and attorney's fees;

    f. Injunctive relief;

    g. For any other relief, this Court deems just and equitable.

**WHEREFORE,** Plaintiff, RAVINDRA GOBIN, demands a trial by jury and judgment against Defendant, R.J. KIELTY PLUMBING HEATING & COOLING, INC., for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT VI
## FCRA – RACE DISCRIMINATION RETALIATION

45. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 21.

46. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760 and/or participating in an investigation

47. The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

48. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. For costs and attorney's fees;

    f. Injunctive relief;

  g. For any other relief, this Court deems just and equitable.

**WHEREFORE**, Plaintiff, RAVINDRA GOBIN, demands a trial by jury and judgment against Defendant, R.J. KIELTY PLUMBING HEATING & COOLING, INC., for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

### COUNT VII
### FCRA- NATIONAL ORIGIN DISCRIMINATION

49. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 21.

50. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

51. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of his national origin in violation of the Florida Civil Rights Act.

52. Defendant knew, or should have known of the discrimination.

53. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer the following damages:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotion pain and suffering;

  e. For costs and attorney's fees;

  f. Injunctive relief;

  g. For any other relief, this Court deems just and equitable.

WHEREFORE, Plaintiff, RAVINDRA GOBIN, demands a trial by jury and judgment against Defendant, R.J. KIELTY PLUMBING HEATING & COOLING, INC., for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT VIII
## FCRA – NATIONAL ORIGIN DISCRIMINATION RETALIATION

54. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 21.

55. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Florida Statutes Chapter 760 and/or participating in an investigation

56. The above-described acts of retaliation constitute a violation of Florida Statutes Chapter 760 for which Defendant is liable.

57. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer the following damages:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

   d. Compensatory damages for emotion pain and suffering;

   e. For costs and attorney's fees;

   f. Injunctive relief;

   g. For any other relief, this Court deems just and equitable.

WHEREFORE, Plaintiff, RAVINDRA GOBIN, demands a trial by jury and judgment against Defendant, R.J. KIELTY PLUMBING HEATING & COOLING, INC., for damages as described above, and for such other and further relief to which Plaintiff may be justly entitled.

## **DEMAND FOR JURY TRIAL**

58. Plaintiff, RAVINDRA GOBIN, requests a jury trial on all issues so triable.

DATED this 8th day of April 2022.

            **FLORIN GRAY BOUZAS OWENS, LLC**

            *s/ Miguel Bouzas*
            **MIGUEL BOUZAS, ESQUIRE**
            Florida Bar No.: 48943
            Primary:  miguel@fgbolaw.com
            Secondary:  debbie@fgbolaw.com
            16524 Pointe Village Drive, Suite 100
            Lutz, FL 33558
            Telephone (727) 254-5255
            Facsimile (727) 483-7942
            Attorney for Plaintiff